425 P.2d 810

STATE of New Mexico, Plaintiff-Appellee,

v.

Luciano GONZALES, Defendant-Appellant.

No. 8142.

Supreme Court of New Mexico.

March 13, 1967.

Rehearing Denied April 11, 1967.

Bertrand B. Prince, Elaine F. Hatch, Santa Fe, for appellant.

Boston E. Witt, Atty. Gen., James V. Noble, Paul J. Lacy, Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

CARMODY, Justice.

This appeal is from a judgment and sentence to the penitentiary imposed following a jury verdict finding appellant guilty of voluntary manslaughter.

█ The principal claim of error as stated in the brief in chief is that appellant "was convicted notwithstanding he killed in self-defense and therefore fundamental error was committed."

· In essence, appellant urges that his version of the killing should be believed and that the story told by the state's witnesses should not have been given credence because of various conflicts in their testimony.

Without regard to whether the record was properly preserved, this is not a case for the application of the doctrine of fundamental error. See State v. Lucero, 1962, 70 N.M. 268, 372 P.2d 837; State v. Sena, 1950, 54 N.M. 213, 219 P.2d 287. The shooting was admitted and the questions of justification and credibility of the witnesses were for the jury. (Justification) State v. Couch, 1948, 52 N.M. 127, 193 P.2d 405; State v. Wilson, 1935, 39 N.M. 284, 46 P.2d 57; State v. Butler, 1934, 38 N.M. 453, 34 P.2d 1100. See State v. Casaus, 1963, 73 N.M. 152, 386 P.2d 246. (Credibility) State v. Garcia, 1953, 57 N.M. 166, 256 P.2d 532; State v. Nuttall, 1947, 51 N.M. 196, 181 P.2d 808; State v. Smith, 1947, 51 N.M. 184, 181 P.2d 800.

State v. Garcia, 1914, 19 N.M. 414, 143 P. 1012, and State v. Armijo, 1931, 35 N.M. 533 (opinion on rehearing) 540, 2 P.2d 1075, 1079, involved questions which went to the very foundation of the case and where it was apparent that substantial justice had not been done. The rule announced in these cases is not applicable. There is no such exceptional and obvious error calling for reversal here. Boston Ins. Co. v. Fisher (8th Cir. 1950), 185 F.2d 977. Although appellant claims that this is "a close case" and that we should review errors in the

record notwithstanding failure of counsel to save the question for review as announced in State v. Varos, 1961, 69 N.M. 19, 363 P.2d 629, nevertheless we do not so view it and find no merit in this assertion.

Appellant also urges that the trial court erred in allowing certain rebuttal testimony. A review of the record convinces us that there was no error and that the rebuttal testimony was well within the bounds of the discretion of the trial court. State v. Walden, 1937, 41 N.M. 418, 70 P.2d 149; State v. Curry, 1921, 27 N.M. 205, 199 P. 367; State v. Hunt, 1920, 26 N.M. 160, 189 P. 1111; State v. Riddle, 1918, 23 N.M. 600, 170 P. 62.

Appellant next attacks the use of a purported confession for impeachment and the method of impeachment. Insofar as the method is concerned, although in many respects it leaves something to be desired, we cannot say that it was error.

Concerning the use of the statement, the trial was held on September 27, 1965, and application of the rule from Escobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, is required, rather than Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. See Johnson v. State of New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

The following facts appear: The state police officer who took the statement from the appellant was cross-examined by counsel for the appellant as to the story told on, the night of the alleged offense. It does not plainly appear as a part of this cross-examination that the statement elicited from appellant was the written statement thereafter referred to, but it is implicit from an examination of the entire record on this subject that there was only one statement made. Thereafter, the appellant took the stand and the district attorney, in cross-examination, commenced to examine him to show discrepancies between his testimony in court and the statement referred to. The jury was excused and the court heard certain testimony and arguments with respect to the voluntariness of the statement: Based upon the testimony of the appellant himself, other testimony in the record, and upon the statement, which was submitted to the court (although not admitted in evidence), the court overruled any objection to the cross-examination. In the statement itself, the following question and answer appear:

"Q. You have the right to see an attorney and now, have you been threatened or promised anything?

"A. No, no, I haven't."

Other portions of the statement show conclusively (and it was admitted by the appellant) that he was effectively warned of his right to remain silent and that his statement could be used against him in court.

# 586

The only problem involved is whether appellant waived his rights to counsel, so that the confession could properly be used for impeachment under State v. Turnbow, 1960, 67 N.M. 241, 354 P.2d 533, 89 A.L.R.2d 461. An accused may waive his rights to counsel, and a statement taken from him after an intelligent and knowing waiver is admissible in evidence. Escobedo v. State of Illinois, supra. Appellant, while on the stand, testified that he told the officer that he wanted to give a statement, but only after his lawyer was with him. This is in conflict with the testimony of the officer, which was corroborated, in part at least, by that of the stenographer, that when appellant was asked whether he would give a statement, he stated that he was willing to do so, provided his friend (a Mr. Griego) was brought to the office. The Mr. Griego was the person who had been with the appellant at the time of the shooting. It was stated by the officer (and this occurs in the state's presentation) that Mr. Griego was immediately brought into the district attorney's office and thereafter the statement was given.

Thus it would seem that the only real conflict is whether the appellant wanted his attorney present, or whether he wanted his friend present. The fact that the friend was brought into the office prior to the making of the statement would seem to us to make it plain that appellant's testimony at the trial, that he requested an attorney rather than his friend, was somewhat in the nature of an afterthought, and not what actually occurred. When all the circumstances are considered together with what was said in the statement itself, we are of the opinion that appellant did waive his rights to counsel at the time of giving the statement. If it is the contention of appellant that his waiver was not intelligently and understandingly made, the burden was upon him to so show. Moore v. State of Michigan, 1957, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167. He has made no effort to show that his waiver of counsel was not intelligently and understandingly made.

Although it has no real bearing upon our conclusion, it should also be noted that the appellant was not without considerable experience in matters relating to police work, having been a police officer for "about eight years or more," and, by his own admission, having been convicted of three prior felonies, two of which involved the use of firearms.

We hold not only that the alleged confession was freely and voluntarily given, which is not contradicted and was admitted by appellant, but that he waived his right to consult with an attorney. Therefore, this claim of error has no merit.

Lastly, appellant argues what he terms "cumulative error." Obviously the doctrine is not here applicable.

The judgment will be affirmed. It is so ordered.

NOBLE, J., and LaFEL E. OMAN, J., Ct. App., concur.