431 P.2d 744

**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**George W. COATES, Defendant-Appellant.**
**No. 8313.**

Supreme Court of New Mexico.
Sept. 11, 1967.

Rehearing Denied Sept. 26, 1967.

Manford W. Rainwater, Tucumcari, for appellant.

Boston E. Witt, Atty. Gen., Gary O. O'Dowd, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

HENSLEY, Jr., Chief Judge, Court of Appeals.

This appeal is from an order denying a motion to vacate a judgment and sentence previously imposed. The motion had been filed pursuant to § 21–1–1(93), N.M.S.A. 1953.

In 1955, the appellant was charged with being an habitual criminal. The information charged the appellant with having committed one burglary in California, one robbery in Washington, one burglary in Washington, and one burglary in New Mexico. Following a plea of guilty the appellant was sentenced to confinement for the remainder of his natural life. In 1966, the appellant filed a motion to vacate the judgment and sentence on the ground that the court failed to advise the appellant of the possible defenses available, particularly that the convictions in California and Washington could be collaterally attacked. The appellant relies principally upon State v. Dalrymple, 75 N.M. 514, 407 P.2d 356. The situation in that case is not at all analogous to the one here. Here, the appellant contends that since the sentencing court did not advise him of the possible defenses that could be raised that he could not intelligently waive his rights to the aid of counsel. In denying the motion the district court concluded that the trial court was under no obligation to advise the defendant of possible defenses. With this we agree.

The obligation of the state court trial judge to fully safeguard the right to counsel has been stated many times by the United States Supreme Court. See Moore v. State of Michigan, 355 U.S. 155, 159, 78 S.Ct. 191, 2 L.Ed.2d 167, 171 (footnote 7) (1957). We gather from what has been said by that court that no hard and fast rule may be promulgated whereby it can be determined that a defendant's constitutional right to due process of law has been infringed. Rather, this determination must turn on the particular facts of each case, the circumstances present which shall include consideration of the background, training, experience and conduct of the defendant.

Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1937); Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L. Ed. 158, 84 A.L.R. 527 (1932). That the rule remains unchanged is evident from a reading of Moore v. State of Michigan, supra, wherein it is recognized that advising a defendant of technical defenses which, as a layman, he could not reasonably be expected to understand, would contribute nothing in arriving at an intelligent and understanding waiver. Considering the facts in the instant case, together with appellant's background, training and experience, as disclosed by the record, we are satisfied that the waiver of counsel was voluntarily and intelligently made, and that the court fulfilled its duty in advising him of his rights.

The right to counsel as guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States was declared to be a fundamental right in Gideon v. Wainright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R. 2d 733. State v. Acuna, 78 N.M. 119, 428 P.2d 658. The right may be waived and when it is claimed by an accused that the waiver was not intelligently and understandingly made the burden is upon him to so show. State v. Gonzales, 77 N.M. 583, 425 P.2d 810. See also Bouldin v. Cox, 76 N.M. 93, 412 P.2d 392.

In this case the sentencing court repeatedly cautioned the appellant concerning the gravity of the charge. The appellant's answers to questions by the court were by his own admission voluntarily given and each of the prior convictions were freely acknowledged. We conclude that the waiver of counsel was intelligently made, that the appellant was not deprived of due process, and that the denial of the motion to vacate the sentence was correct.

The order appealed from should be affirmed.

It is so ordered.

MOISE and CARMODY, JJ., concur.