431 P.2d 752

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Robert HARDY, Defendant-Appellant.**

**No. 8194.**

Supreme Court of New Mexico.

Sept. 11, 1967.

Sutin & Jones, Jonathan B. Sutin, Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., Gary O. O'Dowd, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

CHAVEZ, Chief Justice.

Defendant-appellant Robert Hardy, being charged by amended information with the crime of manslaughter, entered a plea of guilty and was subsequently sentenced under the Habitual Criminal Act (§§ 40A–29–5 and 40A–29–7, N.M.S.A., 1953 Comp.). After serving about four years, appellant filed a motion to set aside the habitual criminal sentence. The trial court denied the motion and this appeal followed.

The record discloses that on January 26, 1962, appellant was charged with first degree murder and an attorney was appointed to represent him. On March 19, 1962, appellant plead not guilty to the charge. Thereafter, an amended information No. 15847 charging manslaughter was filed March 26, 1962, to which appellant plead guilty. The trial court sentenced appellant to the penitentiary for a period of one to ten years.

On April 12, 1962, appellant was charged on a new information in cause No. 15929 with being an habitual criminal, because of a prior Michigan conviction and the manslaughter conviction. Appellant admitted being the same person as the person charged with a prior felony conviction in Michigan, and the court vacated the manslaughter sentence only to impose a five to twenty-year sentence under the Habitual Criminal Act.

The district court of Santa Fe County released appellant from the penitentiary on February 4, 1965, on a writ of habeas corpus on the grounds that the five to twenty-year sentence was void, and that the information in cause No. 15929 failed to state an offense within the purview of the laws of New Mexico. Appellant was returned to Bernalillo County on an information in cause No. 15847, being the same numbered cause as the information to which he had plead guilty to manslaughter, setting forth two prior felony convictions, one in Michigan and one in Pennsylvania, and the recent manslaughter conviction. The trial court appointed counsel to represent appellant. Appellant admitted being the person convicted of the Michigan felony and the Pennsylvania felony was dismissed. Appellant challenged the court's jurisdiction and moved to have the Michigan felony disregarded as being constitutionally invalid, alleging that he was indigent, was not advised of his right to or offered counsel, and was without assistance of counsel until after he had entered a plea of not guilty at arraignment. On May 10, 1965, this motion was denied. Appellant was again sentenced as an habitual criminal to a five to twenty-year term effective as of March 26, 1962. Appellant did not appeal from this sentence.

On October 4, 1965, appellant filed a "Supplemental Petition for Writ of Habeas Corpus" with this court in Hardy v. Cox, No. 409 H.C. This petition challenged the district court's jurisdiction; alleged that the Michigan conviction was void because he was then financially unable to employ counsel; that counsel was not offered or furnished him until after he had been arraigned and submitted his plea in the recorder's court; that prior to that time he was not fully advised of his right to counsel and to a preliminary hearing; and that at no time during the proceedings against him did he competently and intelligently waive his right to counsel and to a preliminary hearing. This court, on November 2, 1965, quashed the writ of habeas corpus and, with reference to the second contention, said:

"In short, petitioner alleges that the sentence adjudged in cause No. 15847, which is the subject of this petition, is void and in violation of his constitutional rights.

\*   \*   \*   \*   \*   \*

"Petitioner's last contention is without merit. In the prior felony conviction in Michigan, petitioner was represented by counsel at the trial wherein he was convicted, and thus intelligently and understandingly waived his right to a

preliminary hearing and to counsel at said hearing.

"5. Petitioner has not been deprived of *any rights* guaranteed by the Constitution of the United States or of the State of New Mexico." (Emphasis added).

On March 14, 1966, appellant filed a motion to vacate and set aside the sentence with the district court of Bernalillo County, under Rule 93 of the New Mexico Rules of Civil Procedure and § 41–15–8, N.M.S.A., 1953 Comp., (1966 Interim Supp.). Appellant having been represented by counsel, the trial court on June 28, 1966, made certain findings of fact and conclusions of law and denied appellant's motion.

From that decision, appellant again returns to this court and contends that he did not waive his right to counsel in the Michigan proceedings; that the preliminary hearing and arraignment are "critical stages;" that he was not represented by counsel at those "critical stages;" and that his lack of counsel at those stages makes the Michigan conviction void and it cannot be used to enhance his sentence under our Habitual Criminal Act. It appears that, at the Michigan proceeding, appellant was not represented by counsel at the preliminary hearing; that when he entered a plea of not guilty at arraignment he was not represented by counsel; but that between the time of the arraignment and trial, counsel was appointed and he was represented by counsel at trial, where he was found guilty of armed robbery.

The arguments presented by this appeal present no new grounds to this court. The trial court might have disposed of this case by concluding that this motion was an abuse by the prisoner of the remedy. See, § 41–15–8, supra; Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148. However, since it is apparent that when the trial court made its decision to hear the motion on its merits, it was not aware of our unpublished decision in cause No. 409 H.C., we will consider the appeal.

Appellant contends that he has the right to collaterally attack the validity of the Michigan conviction by his motion to vacate and set aside his sentence, and argues that the actions of the sentencing court, in effect, denied him his right to appeal from the sentence. Appellant urges that the rationale set forth in State v. Dalrymple, 75 N.M. 514, 407 P.2d 356, should be expanded to permit defendants in a Rule 93 or § 41–15–8 proceeding, to collaterally attack their prior out-of-state felony convictions used to enhance penalties received from New Mexico convictions.

The question of whether a former criminal judgment may be collaterally attacked by a Rule 93 motion has been set to rest in this state by our holding in State v. Moser (filed July 17, 1967), 78 N.M. 212, 430 P.2d 106, where we specifically approved language from the dissenting opinion in Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446, holding that "[d]enial or absence of counsel is an issue raisable on collateral attack."

Appellant contends that the trial court's June 28, 1966, finding of fact No. 10, to the effect that the Michigan conviction was valid, is not a finding of fact but a conclusion of law:

"10. On May 10, 1965, the Honorable Robert W. Reidy, District Judge, after hearing testimony by Defendant and having examined the exemplified copy of the Docket Journal of the Recorder's Court, in the City of Detroit in Cause No. A63059, the People of the State of Michigan vs. Robert Hardy, and having heard arguments of counsel, found the Michigan conviction to be valid and denied Defendant's motion to disregard said conviction and in Cause No. 15847—Criminal, sentenced Defendant to the New Mexico State Penitentiary for a period of not less than five nor more than twenty years to be effective as of March 26, 1962."

Appellee answers by arguing that the record does not show appellant tendered what might be deemed to be proper findings

of fact and conclusions of law, and that appellant should not be heard to object to the court's findings on appeal.

Appellant questions the applicability of the Rules of Civil Procedure in this proceeding and, specifically, whether Rule 52 of the Rules of Civil Procedure (§ 21–1–1 (52), N.M.S.A., 1953 Comp.), applies. Appellant argues that, if it does apply, it is a new requirement and the failure to object to a specific finding and to tender an alternative finding should not preclude appellant from receiving the fair and just results due him on this appeal.

By our decision in State v. Weddle, infra, holding that a Rule 93 or § 41–15–8 proceeding is an independent civil action, Rule 1 of the Rules of Civil Procedure (§ 21–1–1 (1), N.M.S.A., 1953 Comp.) becomes applicable and provides:

"These rules govern the procedure in the district courts of New Mexico in all suits of a civil nature whether cognizable as cases at law or in equity, except in special statutory and summary proceedings where existing rules are inconsistent herewith."

In State v. Weddle, 77 N.M. 420, 423 P.2d 611, we stated:

" * * * the interpretation placed on that section [28 U.S.C.A. § 2255] by the federal courts is persuasive of the meaning of the identical rule. [Rule 93 and § 41–15–8] adopted by us. Lopez v. Singh, 53 N.M. 245, 205 P.2d 492."

The federal courts, in considering the applicability of the Federal Rules of Civil Procedure to an appeal from an order denying a motion under 28 U.S.C.A. § 2255, have held that the appeal is governed by the civil rules applicable to appeals from final judgments in habeas corpus proceedings. Hoover v. United States, (10th Cir. 1959), 268 F.2d 787; United States v. Scarlata, (3d Cir. 1954), 214 F.2d 807. In Burleson v. United States, (D.C.W.D.Mo.1962), 205 F.Supp. 331, it is stated "that Section 2255 is a 'proceeding in habeas corpus' within the

meaning of Rule 81(a) (2), 28 U.S.C.A." Rule 81(a) (2) provides that habeas corpus proceedings are governed by the Rules of Civil Procedure, but the rules are not applicable otherwise than on appeal, except to the extent that the practice in such proceedings is not regulated by statute and has previously conformed to the practice in actions at law or suits in equity.

Some cases have indicated that the provision of Rule 52, requiring findings of fact, does not apply in habeas corpus proceedings. Albert ex rel. Buice v. Patterson, (1st Cir. 1946), 155 F.2d 429, cert. denied 329 U.S. 739, 67 S.Ct. 83, 91 L.Ed. 638, reh. denied 329 U.S. 827, 67 S.Ct. 185, 91 L.Ed. 702: United States ex rel. McCann v. Adams, (D.C.S.D.N.Y.1944), 3 F.R.D. 396. However, two United States Supreme Court cases, without citing the rule, have reversed the orders in habeas corpus proceedings and remanded them to the district court for specific findings of fact. Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309; Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392. Other courts have held that findings of fact and conclusions of law should be made. Tatem v. United States, 107 U.S.App.D.C. 230, 275 F.2d 894; Tucker v. Howard, (7th Cir. 1949), 177 F.2d 494; Wood v. Howard, (7th Cir. 1946), 157 F.2d 807. Cases holding that a decision in a habeas corpus proceeding must stand unless the findings of fact are clearly erroneous, support, by inference, the conclusion that Rule 52 does apply to habeas corpus proceedings. To cite but a few such cases, see: James v. Boles, (4th Cir. 1964), 339 F.2d 431; Crabtree v. Boles, (4th Cir. 1964), 339 F.2d 22; Johnson v. Ellis, (5th Cir. 1961), 296 F.2d 325, cert. denied 369 U.S. 842, 82 S.Ct. 873, 7 L.Ed.2d 846; United States ex rel. Crump v. Sain, (7th Cir. 1961), 295 F.2d 699, cert. denied 369 U.S. 830, 82 S.Ct. 845, 7 L.Ed.2d 794, reh. denied 369 U.S. 882, 82 S.Ct. 1138, 8 L.Ed.2d 284; United States ex rel. Rogers v. Richmond, (2d Cir. 1959), 271 F.2d 364, rev'd on other grounds 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760.

From the above discussion, we think Rule 52, supra, requiring the making of findings of fact, does apply to Rule 93 and § 41–15–8 proceedings. Rule 52(B) (6) states:

"A party will waive specific findings of fact and conclusions of law if he fails to make a general request therefor in writing, or if he fails to tender specific findings and conclusions."

In Edington v. Alba, 74 N.M. 263, 392 P.2d 675, we noted that the above provision caused our rule to differ from Federal Rule 52(a), which provides that requests are unnecessary for a review. However, we see no reason why we should hold that all of our Rule 52 should not apply. We think logic so demands because the effect of Rule 52(B) (6) is to limit the scope of attack on appeal, and thus to define the area of review by this court.

As previously mentioned, appellant has raised the argument that in the instant case strict application of civil rules would be unfair. In State v. Jones, 44 N.M. 623, 107 P.2d 324, this court gave prospective operation to its decision that a bank-night scheme was a lottery. The present case was submitted to this court before State v. Weddle, supra, was decided, and we think that appellant should have the benefit of a prospective operation, at least to the extent that he is not bound by Rule 52(B) when the Rule 93 motion was decided by the trial court prior to the Weddle decision.

Thus, the issue of whether lack of counsel at the preliminary hearing and arraignment makes the Michigan conviction void, and that it cannot be used to enhance appellant's sentence, is before us. The record shows that, during the preliminary hearing and arraignment, appellant was without counsel; that he plead "not guilty;" and, thereafter, for the remainder of the proceedings was represented by counsel. It appears to this court that, under our many decisions, there has been no showing of prejudice and that we must affirm the trial court, because the petition itself conclusively shows the petitioner not to be entitled to the relief. See, Sanders v. Cox, 74 N.M. 524, 395 P.2d 353; State v. Vaughn, 74 N.M. 365, 393 P.2d 711; Sanders v. Cox, (10th Cir. 1966), 359 F.2d 782.

Finding no error, the judgment is affirmed. It is so ordered.

NOBLE, J., and JOE W. WOOD, J., Court of Appeals, concur.