432 P.2d 258

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Ronald W. GIBBY, Defendant-Appellant.**

**No. 8302.**

Supreme Court of New Mexico.

Oct. 2, 1967.

Jay Morgan, Portales, for appellant.

Boston E. Witt, Atty. Gen., James V. Noble, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

MOISE, Justice.

Having pleaded guilty to violation of § 40A–16–9, N.M.S.A.1953 (forgery), on January 25, 1965, appellant was sentenced to serve not less than two years, nor more than ten years, in the state penitentiary. Between March 28, 1966 and August 9, 1966, appellant communicated four times with the district judge, setting forth numerous grounds of attack on his sentence. Counsel was appointed and a hearing granted at which some thirteen contentions advanced by appellant in these letters were considered as constituting attacks on appellant's sentence under Rule of Civil Procedure 93 (§ 21–1–1(93), N.M.S.A.1953). Appellant was present at the hearing and testified at some length. Also testifying were a deputy sheriff called by appellant, and counsel who represented him at the time of his arraignment and sentence in January 1965.

At the conclusion of the hearing, the court stated certain findings into the record and concluded that none of the contentions

had any merit, and thereupon denied the motion. These findings were not incorporated into a written decision filed in the cause, as required by our rules, § 21–1–1 (52) (B) (1), N.M.S.A.1953. However, the impropriety was not that of appellant, and we will not let it interfere with our review. Compare Burlingham v. Burlingham, 72 N.M. 433, 384 P.2d 699 (1963); Thompson v. Greer, 55 N.M. 335, 233 P.2d 204 (1951). The same thirteen points presented to the court below are here argued in support of the appeal from the order denying the motion.

■■ The first ground of attack is addressed to a claimed failure of the arresting officer to have a warrant for appellant's arrest at the time he was taken into custody. Article II, § 10, N.M. Const., and §§ 41–1–2, 41–1–3, N.M.S.A.1953, are relied upon as making the arrest unlawful. The record discloses that at the time appellant was arrested, he was in the company of one Joe Bob Blackwell for whom the officer had a warrant. Also, that the officer had been advised that Blackwell was accompanied by a man answering appellant's description, when the acts alleged were committed, and that the officer encountered appellant in the company of Blackwell, and arrested them both. Beyond the fact that the sections mentioned above do not support appellant's motion, we are satisfied that under the rules applicable here, appellant was not deprived of any constitutional right. In State v. Selgado, 76 N.M. 187, 189, 413 P.2d 469 (1966), we said:

"It is true that some jurisdictions require an officer arresting without warrant to have actual knowledge that an offense is being committed in his presence. But the majority view, followed by this court, is that it is not essential and that a bona fide belief on the part of the officer is sufficient. 1939 Wis.L. Rev. 385. A police officer is not required to justify his action in making an arrest by a subsequent showing that as a matter of fact the offense was committed. He may arrest without a warrant when

the circumstances are such as to warrant a reasonable person in believing that an offense has been committed by the person whom he then arrests. Ryan v. Conover, 59 Ohio App. 361, 18 N.E.2d 277 and see Cave v. Cooley, [49 N.M. 478, 152 P.2d 886] supra. * * *"

■■ The court below found the presence of probable cause for the arrest without a warrant in the first instance, and subsequent issuance and service of a warrant. These findings are supported by substantial evidence. In addition, we would note that a claim of illegal arrest, in itself, is not a proper ground for attacking a judgment under 28 U.S.C.A. § 2255. Warren v. United States, 311 F.2d 673 (8th Cir. 1963); Edwards v. United States, 103 U.S.App.D.C. 152, 256 F.2d 707 (1958). Our Rule 93 (§ 21–1–1(93), N.M.S.A. 1953) was copied from 28 U.S.C.A. § 2255, and the interpretation of the federal courts is persuasive as to its meaning. State v. Weddle, 77 N.M. 420, 423 P.2d 611 (1967). We adopt the interpretation of the federal courts in this regard as applicable under Rule 93 petitions, and appellant's first point accordingly is ruled against him.

■■ We next discuss appellant's Point III wherein he complains that he was interrogated prior to arraignment before an examining magistrate, and without being advised of his right to remain silent, and to have counsel present when being questioned. It is appellant's position that the procedure followed did not conform to the rules as prescribed in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). This case having been determined prior to June 13, 1966, Miranda v. State of Arizona, supra does not apply. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); State v. Gonzales 77 N.M. 583, 425 P.2d 810 (1967). Neither is *Escobedo* applicable. The record discloses evidence that appellant was advised of his right to counsel and although de-

fendant denied it, the court found as a fact that he had been so advised. It is not for us to weigh the evidence or pass on the credibility of witnesses. That is the province of the trial court and, substantial evidence being present to support its findings, we will not disturb them. Utter v. Marsh Sales Co., 71 N.M. 335, 378 P.2d 374 (1963); Beacon Supply Company v. American Fiber Corp., 75 N.M. 29, 399 P.2d 927 (1965); compare State v. Sneed, 76 N.M. 349, 414 P.2d 858 (1966).

We next note appellant's Point XI wherein he complains of the failure to grant him a preliminary hearing as provided by law (§§ 41–3–1 to 41–3–16, N.M.S.A.1953). However, the court found that the preliminary hearing had been intelligently waived by appellant, as was his right (Art. II, § 14 N.M.Const., § 41–3–1, N.M.S.A.1953). The finding is supported by substantial evidence and will not be disturbed. Additionally, entry of a plea of guilty in the district court after consulting with and being advised by counsel, in itself, accomplished a waiver. State v. Darrah, 76 N.M. 671, 417 P.2d 805 (1966); State v. Blackwell, 76 N.M. 445, 415 P.2d 563 (1966); Sanders v. Cox, 74 N.M. 524, 395 P.2d 353 (1964).

Point II to the effect that no bill of particulars was furnished under § 41–6–8, N.M.S.A.1953, is totally lacking in merit. It does not appear that a bill of particulars was requested. This being true, no basis for complaint is present for failure to furnish one. State v. Romero, 69 N.M. 187, 365 P.2d 58 (1961); State v. Roessler, 58 N.M. 102, 266 P.2d 351 (1954).

No authority of any nature is presented in support of Point IV, that the charge was not read to appellant when he was arrested, nor do we know of any provision, constitutional or statutory, wherein reading of a charge to a defendant at the time of arrest is required. The statutes do not make it a duty to advise of the charges on which an arrest is based, prior to his being brought before a magistrate. §§ 41–3–

1 and 41–3–7, N.M.S.A.1953. This, of course, must be done immediately and without undue delay, §§ 41–4–1 and 41–4–2, N.M.S.A.1953, and the court found that it was done. These sections provide for fixing of bond where arrest is made on a duly issued warrant, and also where it is made without a warrant. Under Point X, complaint is made that no bond was fixed. The warrant signed by the justice of the peace on January 22, 1965, two days after appellant was first taken into custody, provides on its face for a $2500.00 bond. While some complaint might legitimately be addressed to the delay, we see in it no grounds for holding invalid the judgment and sentence thereafter imposed following a plea of guilty. It was waived. Compare, State v. Blackwell, supra.

Points V, VI and XII go to the question of whether appellant was promised leniency, or was in any way coerced into entering a plea of guilty. The issues here are fact issues upon which the court has made findings contrary to appellant's contentions. The evidence sustains the findings and will not be disturbed by us. Utter v. Marsh Sales Co., supra.

Points VII, VIII and IX are all addressed generally to the question of whether appellant had competent legal counsel and representation prior to and at the time of his plea of guilty. The court found that he did, and the record amply supports the finding. Appellant's counsel in the court below in the original hearing had years of experience in the practice of criminal law, including many years of service as district attorney and assistant district attorney. Nothing developed at the hearing in any way suggests the least neglect or default on the part of counsel. The law applicable when such a claim is advanced has recently been announced by us in State v. Moser, 78 N.M. 212, 430 P.2d 106.

We limit our comments to noting with approval, the following language of the Supreme Court of Minnesota, in State

ex rel. Adams v. Rigg, 252 Minn. 283, 89 N.W.2d 898, 903 (1958):

"* * * Clearly, absent infidelity on the part of his attorney, a defendant should not be permitted to urge the ignorance or incompetence of, or mismanagement by, his attorney as a ground for a new trial, even in a criminal case, *unless there be a strong showing of both incompetence and prejudice.*"

Additional helpful discussions on the subject may be found in the following: Annot., 74 A.L.R.2d 1390 (1960); State v. Gomez, 75 N.M. 545, 408 P.2d 48 (1965); Territory v. Clark, 13 N.M. 59, 79 P. 708 (1905); see, also People v. Laffiton, 62 Ill.App.2d 440, 211 N.E.2d 15 (1965), and State v. Cathey, 32 Wis.2d 79, 145 N.W.2d 100 (1966).

We see no possible merit in appellant's Point XIII, concerning denial of use of a telephone after his arrest. The trial court found an absence of substance, and we agree. No suggestion is made that appellant was denied a right to send for counsel, as provided in § 41–3–2, N.M.S.A. 1953, and even if such is the claimed effect of the refusal to permit him to use a telephone, wherein was he prejudiced? Certainly, absent prejudice, no basis for release is established. Compare Sanders v. Cox, supra; State v. Raburn, 76 N.M. 681, 417 P.2d 813 (1966).

A word of commendation is due counsel who handled this Rule 93 proceeding for appellant. While not arguing points advanced for reversal in which he had no confidence or which he could not in good faith support, he preserved each of them so that they could be considered by us. This is in accord with the proper approach, as pointed out by us in State v. Franklin, 78 N.M. 127, 428 P.2d 982 (1967).

No error being presented, the judgment of the trial court is affirmed.

It is so ordered.

CHAVEZ, C. J., and OMAN, J., Ct. Appeals, concur.