432 P.2d 402

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Roland Lloyd GILBERT, Defendant-Appellant.**

**No. 8291**

Supreme Court of New Mexico.

Oct. 9, 1967.

Lyle Walker, Fred T. Hensley, Clovis, for appellant.

Boston E. Witt, Atty. Gen., Paul J. Lacy, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

OMAN, Judge, Court of Appeals.

This is an appeal from an order denying defendant's motion for post-conviction relief filed pursuant to Rule 93 (§ 21–1–1(93), N.M.S.A.1953, Supp.1967). We affirm.

The point relied on for reversal is that: "THE DEFENDANT DID NOT UNDERSTANDINGLY AND INTELLIGENTLY WAIVE HIS RIGHTS TO COUNSEL BECAUSE AT NO TIME DID THE TRIAL JUDGE EXPLAIN THE PUNISHMENT PROVIDED BY LAW, ANY POSSIBLE DEFENSES TO THE CHARGES, OR CIRCUMSTANCES IN MITIGATION OF THE CHARGES; AND BECAUSE DEFENDANT WAS CONFUSED AND MISUNDERSTOOD THE SENTENCES POSSIBLE FROM THE CHARGES AGAINST HIM."

At the hearing on his motion under Rule 93, he appeared and testified in support of his position. The district judge who presided at this hearing found that defendant had knowingly and intelligently waived his right to counsel, and was fully informed as to the nature of the charges against him.

Defendant was charged by information in two counts. By count 1 he was charged with larceny, and by count 2 with burglary. On July 30, 1963, he appeared before the district court for arraignment. When the court asked why he had not talked with a lawyer, he replied: "I don't figure I need to." The court then inquired as to his ability to hire a lawyer. He advised that he was not able to do so. He was then asked if he understood that the court would appoint an attorney to represent him, and he answered, "Yes, sir." The court asked if he wished the court to appoint a lawyer, and he answered, "No sir."

The court then stated the nature of the charge or accusation contained in each count and asked if the charge were true or false. He stated that the charge in each count was true.

He testified at the hearing on his motion under Rule 93 that at the arraignment he was told and he knew that the court would have appointed a lawyer to represent him had he wanted one. He also testified that he admitted that the charges made against him in both counts of the information were true.

It is true that the court at the time of the arraignment did not inform him of the mandatory maximum and minimum sentence which would be imposed on each charge, nor was anything said about the fact that the sentences could be imposed to run consecutively. Ordinarily the accused should be advised of the maximum possible sentence and the minimum mandatory sentence which can be imposed, and he should be informed of the consecutive sentence possibilities where there is to be a plea to more than one offense.

However, the defendant here clearly understood that sentences could be imposed to run concurrently or consecutively, because he claims to have discussed with the assistant district attorney before the arraign-

-ment the possibility of sentences being imposed to run consecutively.

He was sentenced on August 7, 1963, some eight days after he was arraigned. At that time the court asked him if he had anything to say why sentence should not be announced as to the charge under count 1. He replied he did not, and the court announced his sentence of confinement in the State Penitentiary for the statutory period. The court then followed the same procedure in passing sentence under count 2, and then announced that the sentences would run consecutively. Defendant made no comment concerning the sentences, or the fact that they were to run consecutively.

As to his contention that he did not understandingly and intelligently waive his right to counsel, because of the failure of the district judge to explain any possible defenses to the charges, no effort is made to show the possible defenses that were available to him. Under the facts and circumstances here presented, we are unable to say that the sentencing court was under an obligation to advise defendant of possible defenses. See State v. Coates, 78 N.M. 366, 431 P.2d 744, filed September 11, 1967.

Defendant completed the seventh grade and a portion of the eighth grade in school, and is a roofer by trade. He admitted he was the same person shown on an F.B.I. Rap Sheet as having been arrested some thirty-four times in the States of Kansas, Montana, Oklahoma and New Mexico, including his arrest on the charges with which we are here concerned. At the time of sentencing he admitted to having been sentenced to confinement in the Kansas State Penitentiary in 1956 for statutory rape, and to having been paroled from that institution in March of 1963.

Both the district judge who presided at the arraignment and sentencing in 1963, and the district judge who presided over the Rule 93 proceedings in September, 1966, were concerned with the protection of defendant's rights, and they had the opportunity to see and hear him and to observe his manner and demeanor.

The findings and judgment of the district court are presumed to be regular. Ellis v. Parmer, 76 N.M. 626, 417 P.2d 436 (1966); Sandoval v. Tinsley, 338 F.2d 48 (10th Cir. 1964); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

Proceedings under Rule 93 are civil in nature. State v. Hardy, 78 N.M. 374, 431 P.2d 752, filed September 11, 1967; State v. Robbins, 77 N.M. 644, 427 P.2d 10 (1967); State v. Weddle, 77 N.M. 420, 423 P.2d 611 (1967). Being civil in nature, they are governed by the Rules of Civil Procedure. State v. Hardy, supra; State v. Brinkley, 78 N.M. 39, 428 P.2d 13 (1967); State v. Martinez, 77 N.M. 745, 427 P.2d 260 (1967). Findings of fact supported by substantial evidence are conclusive on appeal and will not be disturbed. Leigh v. Hertzmark, 77 N.M. 789, 427 P.2d 668 (1967); Goodpasture Grain & Milling Co. v. Buck, 77 N.M. 609, 426 P.2d 586 (1967); Varney v. Taylor, 77 N.M. 28, 419 P.2d 234 (1966). See also State v. Fields, 74 N.M. 559, 395 P.2d 908 (1964); State v. Mesecher, 74 N.M. 510, 395 P.2d 233 (1964).

Thus the burden of proof at the Rule 93 hearing rested on defendant to establish that he did not competently and intelligently waive his right to counsel, and this burden required him to so convince the court by a preponderance of the evidence. State v. Coates, supra; Bouldin v. Cox, 76 N.M. 93, 412 P.2d 392 (1966); Sandoval v. Tinsley, supra; Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); Johnson v. Zerbst, supra; see also State v. Gonzales, 77 N.M. 583, 425 P.2d 810 (1967). He failed to meet this burden, and we are of the opinion that the evidence substantially supports the findings of the trial court.

In reaching our decision we have not overlooked the case of Shawan v. Cox, 350 F.2d 909 (10th Cir. 1965), upon which defendant relies, nor have we overlooked

the language of the Supreme Court of the United States in Von Moltke v. Gillies, 332 U.S. 708, 723–724, 68 S.Ct. 316, 92 L.Ed. 309 (1948). However, the court's obligation to make sure that the waiver is valid, and is predicated upon a meaningful decision of the accused, does not require any particular ritual or form of questioning. See Bouldin v. Cox, supra; Lovato v. Cox, 344 F.2d 916 (10th Cir. 1965); Carpentier v. Lainson, 248 Iowa 1275, 84 N.W.2d 32, 71 A.L.R.2d 1151 (1957); Sandoval v. Tinsley, supra.

The order denying the motion should be affirmed.

It is so ordered.

COMPTON and CARMODY, JJ., concur.