439 P.2d 239

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Arthur Leland McCORMICK, Defendant-Appellant.**

No. 8502.

Supreme Court of New Mexico.

April 1, 1968.

Alan A. Norwood, Roswell, for appellant.

Boston E. Witt, Atty. Gen., David R. Sierra, Asst. Atty. Gen., Sante Fe, for appellee.

## OPINION

WOOD, Judge, Court of Appeals.

Defendant seeks post conviction relief under § 21-1-1(93), N.M.S.A.1953 (Supp. 1967), on the basis of (1) alleged defects in the proceedings prior to arraignment and (2) alleged invalidity of his guilty plea. After a hearing, the trial court denied relief. Defendant appeals.

*Proceedings Prior to Arraignment.* Defendant claims:

(1) He was not "granted his right" to a preliminary hearing. The record shows that he had a preliminary hearing.

(2) He was not informed of the charges against him between his arrest and his preliminary hearing. Defendant was arrested on February 23, 1959. His preliminary hearing was February 25, 1959. The statutes do not make it a duty to advise of the charges on which an arrest is based prior to being brought before a magistrate. State v. Gibby, 78 N.M. 414, 432 P.2d 258 (1967).

(3) He was not allowed to contact counsel between the time of his arrest and his preliminary hearing, did not have counsel at the hearing, and had no lawyer until shortly before the arraignment. The time between arrest and arraignment is ten days.

With advice of counsel, he pled not guilty at arraignment. Absent a showing of prejudice, this plea constituted a waiver of the claim that he was denied counsel in the proceedings prior to arraignment. State v. Robinson, 78 N.M. 420, 432 P.2d 264 (1967), and cases therein cited. There is no showing that prejudice resulted from absence of counsel during the ten-day period. Sanders v. Cox, 74 N.M. 524, 395 P.2d 353 (1964), cert. denied 379 U.S. 978, 85 S.Ct. 680, 13 L.Ed. 2d 569 (1965); State v. Elledge, 78 N. M. 157, 429 P.2d 355 (1967).

*Alleged Invalidity of the Guilty Plea.* Defendant contends:

(1) He pled guilty without being advised of his constitutional rights. Assuming such a general claim raises an issue, see State v. Moser, 78 N.M. 212, 430 P.2d 106 (1967); State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967), it does not provide a basis for relief.

Defendant was represented by two court-appointed attorneys when he pled guilty. Before accepting this plea, the trial judge was neither required to advise defendant of possible defenses, State v. Coates, 78 N.M. 366, 431 P.2d 744 (1967), nor explain the effect of the guilty plea, State v. Tipton, 78 N.M. 600, 435 P.2d 430 (1967). Further, the trial court found that defendant was advised by his counsel before entering the plea. This finding is not attacked and is a fact on which the appeal rests. State v. Simien, 78 N.M. 709, 437 P. 2d 708, opinion issued February 19, 1968; Reed v. Nevins, 77 N.M. 587, 425 P.2d 813 (1967). See State v. Rhodes, 77 N.M. 536, 425 P.2d 47 (1967).

(2) His plea of guilty resulted from threats. He testified that if he did not plead guilty, the district attorney threatened to (a) send his wife to the penitentiary as an accessory to the armed robbery with which defendant was charged, (b) see that defendant was sentenced as an habitual criminal and (c) use the confession allegedly given by defendant when without counsel.

There is evidence in the record indicating that if these threats were made, they were made before defendant was arraigned. Defendant, represented by court-appointed counsel, pled not guilty when arraigned. Some nine weeks later, and after being advised by counsel, he changed his plea to guilty. The foregoing contradicts the claim that the eventual guilty plea resulted from the alleged threats.

It was for the trial court to weigh the evidence and pass on the credibility of the witness. State v. Gibby, supra. The trial court did so and found that defendant failed to sustain the allegation that his guilty plea resulted from the alleged threats. It could do so on the above facts. This claim fails for lack of proof. State v. Chavez, 78 N.M. 446, 432 P.2d 411 (1967).

Defendant's plea of guilty is binding. See State v. Simien, supra; State v. Robbins, 77 N.M. 644, 427 P.2d 10 (1967); State v. Archie, 78 N.M. 443, 432 P.2d 408 (1967).

The order denying relief is affirmed.

It is so ordered.

CHAVEZ, C. J., and NOBLE, J., concur.