444 P.2d 769

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Herman Dean BAUGHMAN, Defendant-Appellant.**

**No. 182.**

Court of Appeals of New Mexico.

Aug. 16, 1968.

Paul Snead, Roswell, for defendant-appellant.

Boston E. Witt, Atty. Gen., Warren O. F. Harris, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

ARMIJO, Judge.

This appeal follows entry of judgment denying appellant's motion for post-conviction relief filed pursuant to § 21–1–1 (93), N.M.S.A. 1953 (Supp.1967).

A hearing was held on the motion at which appellant was present and testified and after which the trial court made findings of fact and conclusions of law upon which the judgment is based.

Appellant had earlier filed an original habeas corpus proceeding in the Supreme Court of New Mexico which was denied by per curiam opinion entered August 2, 1967, in cause number 665–H.C. The grounds for the petition were different from those herein considered. The record also indicates that post-conviction proceedings were filed in the United States District Court for New Mexico and those proceedings also were dismissed.

Appellant was accused of the crime of robbery while armed with a dangerous weapon contrary to § 40–42–2, N.M.S.A. 1953 (now repealed).

He waived preliminary hearing and at arraignment he waived his right to representation by and elected to proceed without counsel. Upon his plea of guilty, appellant, was on May 21, 1958, sentenced to serve a term in the penitentiary of not less than three years nor more than twenty-five years as provided by § 40–42–2, supra.

Appellant bases his claim for relief on the grounds that he did not make a knowledgable and intelligent waiver of counsel at time of entry of his guilty plea and that his guilty plea was induced by improper representations made by the district attorney.

For reasons that follow we affirm.

█ It is the settled rule that appellant has the burden of proving his allegations at the Rule 93 hearing by a preponderance of the evidence. State v. Simien, 78 N.M. 709, 437 P.2d 708 (1968); State v. Gilbert, 78 N.M. 437, 432 P.2d 402 (1967).

It is with this rule in mind that we examine the record to ascertain if error was committed by the trial court.

At arraignment, appellant signed a written waiver of his right to be represented by court appointed counsel and elected to proceed without counsel. He confirmed this by his testimony at the Rule 93 hearing:

"A. And, when we went in there, the Judge asked me, he said, 'You know you have a right to counsel.' And, I said, 'Yes.' And, he said, 'Do you want a lawyer?' And, I said, 'No, sir, I am going to plead guilty.'

\* \* \* \* \* \*

"Q. All right. Now, the paper you signed was a waiver of counsel, and you were told that is what it was.

"A. Yes, sir.

"Q. And, you understood, at that time, that you were waiving the right to appointed counsel.

"A. Yes, sir.

\* \* \* \* \* \*

"Q. Was it, or wasn't it your feeling that you did not need an attorney at the time?

"A. I felt I didn't need one, no."

█ The foregoing is indicative of the record which supports the trial court's finding that appellant had knowledge of and understood his right to be represented by counsel and that he voluntarily waived such right. Waiver of counsel was knowledgable and understandingly made. Compare State v. Gilbert, supra; State v. Sexton, 78 N.M. 694, 437 P.2d 155 (Ct. App.1968).

█ The right to counsel may be waived. Here, appellant has failed to sustain the burden that he did not intelligently and understandingly waive this right. Compare State v. Coates, 78 N.M. 366, 431 P.2d 744 (1967) and State v. Gonzales, 77 N.M. 583, 425 P.2d 810 (1967).

█ Considering next appellant's claim that his guilty plea was induced by reason of improper representations made by the district attorney, we note that if such allegations are true and it amounted to a promise or threat, appellant's guilty plea was thus deprived of its voluntary character and is void. State v. Tipton, 78 N.M. 600, 435 P.2d 430 (1967); State v. Ortiz, 77 N.M. 751, 427 P.2d 264 (1967); State v. Robbins, 77 N.M. 644, 427 P.2d 10 (1967).

Appellant alleges in substance that his co-defendant entered a plea of guilty, was discharged and allowed to leave the state.

He further states the district attorney advised him that if he pleaded not guilty he would not receive leniency, but if he pleaded guilty he "would be a lot better off" and that he would receive the same treatment the co-defendant received.

There was substantial conflict in the testimony and evidence received at the hearing.

Appellant testified that before his arraignment he had seen his co-defendant across the street from the courthouse and that he believed the co-defendant had been released from custody.

Other evidence showed that the co-defendant was not released from jail until two days after appellant's arraignment.

Appellant testified in support of the allegations in his petition relative to his conversations with the district attorney. The district attorney also testified relative to these conversations and denied the substance of the allegations of the motion and further testified concerning facts and circumstances which led to the exoneration of the co-defendant as a principle to the crime. A nolle prosequi was entered as to the co-defendant.

From the conflicting testimony and evidence concerning these allegations the trial court found there had been no improper representations by the district attorney which induced appellant to plead guilty.

It is the trial court's function to weigh the evidence and pass on the credibility of the witnesses. State v. McCormick, 79 N.M. 22, 439 P.2d 239 (1968); State v. Gibby, 78 N.M. 414, 432 P.2d 258 (1967).

There was substantial evidence to support the findings of the trial court and they will not be disturbed on appeal. State v. Simien, supra.

Finding no error, the judgment denying appellant's motion is affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.