465 P.2d 93

**Raymond D. PATTERSON, Petitioner,**

v.

**STATE of New Mexico, Defendant.**

**No. 398.**

Court of Appeals of New Mexico.

Jan. 9, 1970.

Frank Andrews, III, Montgomery, Federici, Andrews, Hannahs & Morris, Santa Fe, for petitioner.

James A. Maloney, Atty. Gen., Santa Fe, James C. Compton, Jr., Asst. Atty. Gen., for defendant.

## OPINION

WOOD, Judge.

Petitioner's conviction of second degree murder was affirmed in State v. Ortega, 77 N.M. 7, 419 P.2d 219 (1966). He now appeals from a denial of post-conviction relief. Section 21–1–1(93), N.M.S.A.1953 (Supp.1969). He asserts numerous viola-

tions of his constitutional rights. His claims, and our answers, follow.

### Issues previously adjudicated.

■■ Petitioner contends there was error in (a) the introduction of his oral and written confessions; (b) the failure to advise him of his constitutional rights at the time of his arrest; (c) the fact that he was without the assistance of counsel during the police investigation after his arrest; and, (d) the denial of constitutional rights guaranteed a juvenile. Each of these issues was considered and found without merit in State v. Ortega, supra. These issues may not be relitigated in this proceeding. Petitioner is not entitled to a successive determination on the merits of issues previously adjudicated. State v. McAfee, 80 N.M. 739, 460 P.2d 1023 (Ct. App.1969).

### Lack of separate counsel at trial.

Petitioner and Ortega were tried together. They were represented jointly. Petitioner claims he was denied effective counsel at the trial because his interests conflicted with the interests of Ortega. Petitioner also claims that because of the joint representation he was denied the right to cross-examine Ortega and thus he was denied the right to cross-examine the witnesses against him.

■ We agree that if there was a conflict of interest between petitioner and Ortega, that the joint representation resulted in petitioner being denied effective counsel. State v. Tapia, 75 N.M. 757, 411 P.2d 234 (1966). We also agree that the introduction of Ortega's confession, which implicated petitioner, might be a denial of petitioner's right to be confronted with the witnesses against him even though Ortega's confession was admitted only as evidence against Ortega and the jury was so instructed on several occasions. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). As to retroactive application of Bruton, see Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968). Joint representation, how-

ever, is not inherent error, it is error only if there was a conflict of interest or if prejudice resulted. Fryar v. United States, 404 F.2d 1071 (10th Cir. 1968).

Do the facts support petitioner's contention? Petitioner refers to an "* * * obvious conflict between the interests of the two defendants, * * *" He asserts such a conflict because Ortega did the actual killing while he was convicted as an aider and abetter. He relies on variations between his confession, and that of Ortega's, concerning the details of the crime. Petitioner's contention, however, ignores the findings of the trial court. After an evidentiary hearing on petitioner's motion for post-conviction relief, the trial court found:

"That the confession and statements of petitioner were consistent with the statements and confession of his co-defendant, Ortega; that the information concerning petitioner in the confession and statements of co-defendant, Ortega, were cumulative only, and petitioner was in no way prejudiced thereby."

■ This finding is not attacked. It is a fact in this court. State v. Reid, 79 N.M. 213, 441 P.2d 742 (1968). Petitioner was not denied effective counsel on the basis of a conflict of interest because, as a fact, such conflict did not exist. Compare Smith v. Ninth Judicial District, 78 N.M. 449, 432 P.2d 414 (1967). Since, as a fact, Ortega's statements and confessions were cumulative only, their admission, as against Ortega, in the joint trial, did not prejudice the petitioner. See State v. Sneed, 78 N. M. 615, 435 P.2d 768 (1967). Not being prejudicial, the admission of Ortega's statements and confessions does not entitle petitioner to post-conviction relief. See State v. McCormick, 79 N.M. 22, 439 P.2d 239 (1968); State v. Hardy, 78 N.M. 374, 431 P.2d 752 (1967); State v. Elledge, 78 N.M. 157, 429 P.2d 355 (1967).

### Comment on petitioner's failure to take the witness stand.

■ Petitioner's contention has two parts. First, he claims that the District

Attorney, in his closing argument, commented on his failure to testify at his trial. The record does not support this claim since the closing arguments were not taken down. Compare State v. Sandoval, 76 N. M. 570, 417 P.2d 56 (1966); State v. Gutierrez, 78 N.M. 529, 433 P.2d 508 (Ct.App. 1967). The evidence in support of this claim is petitioner's testimony at the hearing on the post-conviction motion. The trial court did not believe this testimony. It found that no credible evidence was offered to prove this allegation.

■ Here, as in the preceding point, the trial court's finding is not attacked and is a fact in this court. State v. Reid, supra. In addition, the trial court was not required to accept petitioner's testimony even though this testimony was not directly contradicted. See Samora v. Bradford, (Ct.App.), 465 P.2d 88, decided January 2, 1970. Doubt as to the truth of petitioner's testimony existed because of testimony of petitioner on other issues that is contradicted by the trial record. Further, petitioner's claim is being asserted for the first time, years after his trial. This is a suspicious circumstance since he has been represented throughout by competent counsel, and the decision forbidding comment, Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), had been handed down and was applicable to his direct appeal.

■ The trial court instructed the jury not to drawn any inferences against petitioner because of his failure to testify in his own behalf. Petitioner's second contention, under this point, is that the instruction was error because he did not request such an instruction and the instruction amounted to a comment concerning defendant's failure to testify. The instruction is not impermissible comment. The instruction is for the benefit of a defendant. State v. Buchanan, 76 N.M. 141, 412 P.2d 565 (1966). The trial court did not err in giving the instruction. State v. James, 76 N.M. 376, 415 P.2d 350 (1966);

State v. Paris, 76 N.M. 291, 414 P.2d 512 (1966).

*Other issues.*

Petitioner claims:

■ (a) He was arrested without probable cause and without an arrest warrant. There is no evidence to support this claim. Petitioner had the burden of proving this claim. He did not do so. State v. Baughman, 79 N.M. 442, 444 P.2d 769 (Ct. App.1968).

■ (b) His rights against self-incrimination were violated by medical tests and samples taken from him while detained at the hospital. If such tests were made, and samples taken, neither the results of the tests nor the samples were introduced as evidence against petitioner at his trial. Compare State v. Selgado, 78 N.M. 165, 429 P.2d 363 (1967); State v. Baumgardner, 79 N.M. 341, 443 P.2d 511 (Ct.App. 1968).

■ (c) He was denied the right to a timely preliminary hearing. The record shows he received a preliminary hearing. There is nothing to show that it was "untimely." The trial court's unattacked finding is that the preliminary hearing was held in due course. Petitioner's conclusion of untimeliness does not state a basis for relief. See State v. Dominguez, 80 N.M. 328, 455 P.2d 194 (Ct.App.1969).

■ ■ (d) He was denied the right to a speedy trial. The record does not show he asked for one. Absent extreme circumstances, and such are not shown, petitioner may not complain of the lack of a speedy trial unless he has affirmatively made known his desire for a speedy trial. Raburn v. Nash, 78 N.M. 385, 431 P.2d 874 (1967); State v. Adams, 80 N.M. 426, 457 P.2d 223 (Ct.App.1969). Further, a claimed lack of a speedy trial does not provide a basis for post-conviction relief where, as here, the claim was not raised prior to trial. State v. McCroskey, 79 N. M. 502, 445 P.2d 105 (Ct.App.1968).

(e) Venue was changed from Santa Fe County, where the killing occurred, to McKinley County. Even with this change of venue, petitioner claims he was denied the right to a fair trial because of prejudicial news releases. He does not point out the news releases which he alleges were prejudicial. There simply is nothing in support of this conclusionary allegation. Accordingly, it does not provide a basis for post-conviction relief. State v. Dominguez, supra.

(f) He has been denied fundamental fairness. Apart from the contentions previously discussed, the only fact in support of this claim is petitioner's testimony that the trial jury toured the jail and once was with him on the elevator. We fail to understand how this establishes fundamental unfairness.

The order denying post-conviction relief is affirmed.

It is so ordered.

OMAN and HENDLEY, JJ., concur.