[No. 3628.   Oct. 30, 1930.]

TORREZ et al. v. BRADY et al.

[292 Pac. 901.]

Geo. W. Prichard, of Santa Fe, for appellants.

A. H. Hudspeth, of Carrizozo, for appellees.

OPINION OF THE COURT

CATRON, J.

From a decree in a statutory partition suit, ascertaining and declaring the rights, titles, and interests of all the parties, ordering partition of the premises, and appointing commissioners for such purpose, defendants have appealed. Appellees, plaintiffs below, now move to dismiss the appeal upon the ground that the decree appealed from is interlocutory and that application for appeal was not made within the statutory period.

The decree in question was filed May 1, 1930; the application for appeal was made and granted May 24, 1930, more than twenty days after the filing of the decree.

The material sections of our appellate procedure act are:

"105—2501.   Within six months from the entry of any final judgment in any civil action, any party aggrieved may appeal therefrom to the supreme court of the state."

"105—2502.   Appeals shall also be allowed to the district court, and entertained by the supreme court, in all civil actions, from such interlocutory judgments, orders or decisions of the district courts, as practically dispose of the merits of the action, so that

any further proceeding therein, would be only to carry into effect such interloctuory judgment, order or decision. Appeals shall also be allowed by the district court, and entertained by the supreme court, from all final orders affecting a substantial right made after the entry of final judgment. * * *

"Application for allowance of appeal under the provisions of this section must be made within twenty days from the entry of the judgment, order, decision or conviction appealed from."

See also Rules of Appellate Procedure, rule II, §§ 1 and 2.

The granting or denying of appellees' motion to dismiss depends upon the character of the decree appealed from; whether it be final or interlocutory as specified in the foregoing statute.

By chapter 3, Laws 1876, our Legislature prescribed a statutory proceeding for partition of real estate. This act without any material change is still in force. See section 105—1901 et seq., N. M. 1929 Comp.

The material portions of this act are:

"105—1901. When any lands, tenements or hereditaments shall be owned in joint tenancy, tenancy in common, or co-parcenary, whether the right or title be derived by donation, grant, purchase, devise or descent, it shall be lawful for any one or more persons interested, whether they be in possession or not, to present to the district court their complaint in chancery, praying for a division and partition of such premises, according to the respective rights of the parties interested therein, and for a sale thereof, if it shall appear that partition cannot be made without great prejudice to the owners."

"105—1905. The court shall ascertain and declare the rights, titles and interests of all the parties to such proceedings and render such decree as may be required by the rights of the said parties, which said decree shall be binding upon all of the said parties, whether they be adults or not."

Heretofore, in considering the identical question now before us, this court in the case of Montoya v. Unknown Heirs of Vigil, 16 N. M. 349-367, 120 P. 676, the same being a statutory partition suit, held that a judgment in a partition suit which declares the rights of the parties and orders partition is interlocutory only and is under the control of the court until final decision, and may be modified or rescinded at any time prior to final judgment or decree.

219

The decree being interlocutory, it is appealable, if at all, only under section 105—2502. Timely application not having been made, the appeal must be dismissed, and the cause remanded and it is so ordered.

BICKLEY, C. J., and WATSON, PARKER, and SIMMS, JJ., concur.