419 P.2d 974

Mrs. Jeffie Majure DAVIS, Plaintiff-
Appellee,

v.

James Lloyd DAVIS, Jr., Defendant-
Appellant.

No. 8037.

Supreme Court of New Mexico.

Nov. 7, 1966.

Rozier E. Sanchez, Albuquerque, for appellant.

W. A. Keleher, Michael L. Keleher, Albuquerque, for appellee.

## OPINION

CARMODY, Chief Justice.

The district court determined that the appellant was in arrears in his child support, as ordered by the Mississippi Chancery Court. This appeal follows.

Following the divorce in Mississippi in 1962, that court, in 1964, modified its decree by raising the child support payments from $50.00 to $150.00 a month. Thereafter, in the same year, appellee filed her complaint in the district court of Bernalillo County, seeking a money judgment under the amended Mississippi decree. Appellant moved to dismiss, claiming the amendment of the decree in Mississippi was void because of lack of service of process. The motion was denied by the court and the appellant thereafter answered. Appellee's motion for summary judgment was granted by the court, which determined that the Mississippi decree was entitled to full faith and credit in the courts of New Mexico. This judgment was filed on May 12, 1965. On the first of June, 1965, the court entered another instrument, entitled "Judgment," which made the single finding that the defendant (appellant) was in arrears in the sum of $1,005.00. No findings were requested by the appellant. On the 29th of June, 1965, appellant filed a notice of appeal "from the judgments entered."

 Appellee urges that the appeal is not timely, because it was taken more than thirty days after the entry of the judgment of May 12th. At first blush, such a contention would seem to have merit, but it does not stand the test of close scrutiny when it is realized that the judgment of May 12th was really only of an interlocutory nature.

The suit was for the delinquency of support payments, and the judgment of May 12th, decreeing full faith and credit, was merely an intermediate order which preceded, and was carried forward to become a part of, the "judgment" of June first. Until the time that the court entered its order finding the delinquency, there was no necessity to appeal the cause. If an appeal had been taken within the thirty-day limit, it would have been prior to the determination of the delinquency and amounted to a piecemeal appeal. For a case establishing this principle, even though involving a different type of action, see Torrez v. Brady, 1932, 37 N.M. 105, 19 P.2d 183. See also the prior appeal involving the same parties, Torrez v. Brady, 1930, 35 N.M. 217, 292 P. 901. Thus we determine that the court has jurisdiction to consider the points raised by appellant and that the appeal is timely, so that a review may be had of the proceedings upon which the judgment is based but which occurred prior to the last judgment.

 Proceeding, then, to the points relied upon for reversal, appellant argues that the finding of fact in the first judgment, to the effect that appellant had actual notice of the Mississippi proceedings, is not supported by substantial evidence. This contention and the second point relied upon, that the court erred in denying the appellant's motion to dismiss and refusing to

permit the attack on the jurisdiction of the Mississippi court, can be answered together. We find both without merit, because the claimed errors, if any, were not preserved by any request for findings contrary to those which were entered by the court. Appellant made no request for findings at any time, nor in any way excepted to the express findings of the court, and, in such a situation, both our rules and decisions are to the effect that the error has not been preserved, Rules Civ.Proc. 52(B) (a) (6) (§ 21–1–1 (52) (B) (a) (6), N.M.S.A. 1953), and the failure to make any request is dispositive of this appeal, Duran v. Montoya, 1952, 56 N.M. 198, 242 P.2d 492; Owensby v. Nesbitt, 1956, 61 N.M. 3, 293 P.2d 652; Edington v. Alba, 1964, 74 N.M. 263, 392 P.2d 675; and Gillit v. Theatre Enterprises, Inc., 1962, 71 N.M. 31, 375 P.2d 580. Additionally, with reference to the second point as to the refusal to hear testimony, there is no showing in the record that appellant made any effort to offer proof following the entry of the May 12th judgment, which found the issues against the appellant and from which there was no appeal.

The judgment will be affirmed. It is so ordered.

MOISE, J., and LaFEL E. OMAN, J., Court of Appeals, concur.