433 P.2d 504

STATE of New Mexico, Plaintiff-Appellee,

v.

Alberto (Beto) Gomez VEGA, Defendant-Appellant.

No. 8428.

Supreme Court of New Mexico.

Nov. 13, 1967.

Dan Sosa, Jr., Las Cruces, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

NOBLE, Justice.

Alberto Gomez Vega has appealed from the judgment and sentence following his conviction of unlawful possession of narcotic drugs.

Charged with both illegal possession and sale of marijuana, Vega was acquitted of the charge of its sale. The case must be reversed for failure to afford him a preliminary examination before an examining magistrate as required by art. II, § 14, New Mexico Constitution.

When brought before an examining magistrate, and in the absence of representation or advice of counsel, Vega signed a written waiver of the right to a preliminary hearing. Employed counsel promptly, and some three weeks prior to the opening of the next term, filed a written motion alleging that the waiver was not intelligently, understandingly or competently executed. He requested a remand to the magistrate for a preliminary hearing, advising the court that a preliminary examination was necessary in order to prepare his defense of entrapment. The trial court's denial of the request for a preliminary hearing is asserted as error. The denial of the motion was without any hearing. The trial court only considered the fact that a written waiver had been made but there is no showing of any consideration of whether the preliminary hearing was intelligently and competently waived.

State v. Vaughn, 74 N.M. 365, 393 P.2d 711, is controlling. We there said:

"The absence of either a preliminary examination or its intelligent waiver * * * may be called to the attention of the Court at any time prior to arraignment, by plea in abatement or in any other appropriate manner. State v. Rogers, 31 N.M. 485, 247 P. 828; State ex rel. Hanagan v. Armijo, supra (72 N.M. 50, 380 P.2d 196) * * *. When violation of a constitutional right in the proceedings before the magistrate is brought to the attention of the trial court and found to exist, the accused's right and the court's duty is to abate the information until there has been a proper preliminary examination, and remand the accused to the magistrate for such examination unless it be competently waived. * * *"

State v. Vaughn, supra, further held that the jurisdiction of the district court, acquired by the filing of the information, may be lost "in the course of the proceeding" by failure to remand for a preliminary examination when its absence is timely brought to the court's attention. The question of whether a preliminary hearing was competently waived was one of fact and cannot be established by the mere written waiver executed without the advice of counsel. The competency of such a waiver can only be determined after a hearing thereon.

Under the circumstances here, the entry of a plea upon arraignment in the district court did not operate as a waiver of defendant's right to a preliminary examination. The defendant was entitled to examine the state's witnesses, to call witnesses himself, and, if necessary, to compel their appearance by subpoena. State ex rel. Hanagan v. Armijo, supra. The defense may have been prejudiced by the failure to grant such preliminary examination when its absence was timely called to the court's attention.

The determination made of the foregoing makes it unnecessary to consider other questions presented and argued. It follows that the case must be reversed with instructions to vacate the judgment and sentence appealed from, and to proceed in a manner not inconsistent with what has been said.

It is so ordered.

CHAVEZ, C. J., and CARMODY, J., concur.