437 P.2d 155

**STATE of New Mexico, Plaintiff-Appellee,**
v.
**Nathaniel SEXTON, Defendant-Appellant.**
**No. 86.**

Court of Appeals of New Mexico.
Jan. 12, 1968.

---

41. 17 Neb. 188, 22 N.W. 372 (1885).

Robert A. Johnson, Atwood & Malone, Roswell, for appellant.

· Boston E. Witt, Atty. Gen., Paul J. Lacy, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

WOOD, Judge.

Defendant's motion for post-conviction relief under § 21-1-1(93), N.M.S.A.1953 (Supp.1967), was denied without a hearing. The five contentions stated in his appeal and our answers are:

(1) *He did not have a preliminary hearing.* Defendant was taken before a justice of the peace where he pled guilty. He also pled guilty before the district court.

 Our statutes concerning preliminary examinations do not provide for a plea in justice court when the justice of the peace is sitting as an examining magistrate. State v. Elledge, 78 N.M. 157, 429 P.2d 355 (1967). Although no plea is provided for, if the accused voluntarily pleads guilty before the magistrate, this voluntary action constitutes a waiver of the right to a preliminary examination. State v. Alaniz, 55 N. M. 312, 232 P.2d 982 (1951). Defendant pled guilty. He does not claim the plea was not competently made. Compare State v. Vega, 78 N.M. 525, 433 P.2d 504 (1967). Thus, he waived his right to a preliminary examination.

 Further, defendant's plea in district court was a waiver of his right to a preliminary examination. State v. Robinson, 78 N.M. 420, 432 P.2d 264 (1967).

 (2) *He was not arraigned.* Defendant appeared before the district court and admitted that he was the defendant in the case. At that time he was informed as to the nature of the charge and given an opportunity to plead. This was an arraignment. See United States v. Aurandt, 15 N. M. 292, 107 P. 1064, 27 L.R.A.,N.S., 1181 (1910).

 (3) *He was never offered counsel by the court.* Defendant claims that he was indigent and that counsel should have been provided for him. The record affirmatively shows that both the justice of the peace and

the district court offered to appoint counsel to represent defendant.

■ (4) *He did not waive the right to counsel.* The record affirmatively shows that defendant waived counsel when he appeared before the justice of the peace and again waived counsel when he appeared before the district court.

■ (5) *He did not intelligently nor competently waive counsel.* The district judge questioned defendant concerning his age, his prior criminal record, his marital status, the proceedings before the justice of the peace, his understanding of the charge, his understanding of the possible penalty and his reasons for pleading guilty. Upon being satisfied that defendant knew his rights and knew what he was charged with, the district judge accepted the plea of guilty.

■ The court's obligation to make sure that the waiver is valid, and is predicated upon a meaningful decision of the accused, does not require any particular ritual or form of questioning. State v. Gilbert, 78 N.M. 437, 432 P.2d 402 (1967). The record affirmatively shows that the trial court was satisfied that defendant's waiver of counsel was "a meaningful decision of the accused."

■ Opposed to the record showing the questioning by the trial court, defendant's motion asserts no facts on which to base the claim that his waiver was not made intelligently nor competently. Defendant must allege some factual basis for the relief sought. Vague conclusional charges, such as this contention, do not raise an issue which demands an inquiry. State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967).

■ In his brief on appeal, defendant speculates as to what he "might" be able to show if granted a hearing on his motion for post-conviction relief. These speculative issues are not a part of the record; our review is limited to a consideration of the matters disclosed by the record. State v. Buchanan, 78 N.M. 588, 435 P.2d 207, opin-ion issued December 11, 1967, and not yet reported.

The order denying post-conviction relief is affirmed.

It is so ordered.

OMAN and ARMIJO, JJ., concur.