458 P.2d 606

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Henry Bob MARTIN, Defendant-Appellant.**

**No. 336.**

Court of Appeals of New Mexico.

Aug. 29, 1969.

William J. Heck, Hobbs, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, Ethan K. Stevens, Asst. Atty. Gen., for appellee.

OPINION

WOOD, Judge.

Defendant was charged in two counts with burglary and forgery. Section 40A–16–3 and 40A–16–9, N.M.S.A. 1953 (Repl. Vol. 6). He waived preliminary hearing, and when arraigned before the District Court he pleaded guilty. He did not have counsel at these proceedings. He moved for post-conviction relief under § 21–1–1 (93), N.M.S.A. 1953 (Supp. 1967). His motion claims that at the time of the pro-

ceedings he was an indigent, that the District Court failed to provide him with counsel and that he did not intelligently waive counsel. The trial court denied the motion without a hearing. Defendant's appeal raises the same issues presented in the motion.

Both the Justice of the Peace and the District Court advised defendant that, if indigent, counsel would be appointed to represent him. Defendant affirmatively waived counsel in both courts. The District Court questioned defendant extensively as to his understanding of the charges, the penalties if convicted, his various rights including the right to counsel, to a jury trial and to an appeal if found guilty. The court made sure that defendant's waiver of counsel was valid and predicated upon a meaningful decision of the accused. The record shows that defendant intelligently waived counsel. State v. Sexton, 78 N.M. 694, 437 P.2d 155 (Ct. App. 1968).

Further, opposed to the affirmative showing in the record of a valid and intelligent waiver, defendant advances no basis for his claim that his waiver was not made intelligently and competently. State v. Sexton, supra.

The order denying relief is affirmed. It is so ordered.

SPIESS, C. J., and OMAN, J., concur.