MARVIN DEAN FLEMING, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 11689

June 14, 1979                                    596 P.2d 243

*Henry R. Gordon,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Nikolas Mastrangelo,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

A criminal complaint was filed on November 28, 1978, charging Marvin Dean Fleming with two counts of sexual assault (NRS 200.364, NRS 200.366) and one count of lewdness with a child under 14 years (NRS 201.230). At a scheduled preliminary examination held on December 14, 1978, the deputy public defender representing Fleming told the magistrate that pursuant to negotiations between Fleming and the district attorney's office, Fleming had agreed to waive the preliminary examination and plead guilty to one count of sexual assault. In exchange, the State was to dismiss the other two counts. The magistrate permitted the waiver and ordered Fleming to be bound over to the district court to answer the charge.

Prior to arraignment, the public defender withdrew as Fleming's counsel and Henry R. Gordon undertook representation of Fleming. Fleming was informed by Gordon that he could not be assured of receiving probation as a result of the plea negotiation. Thereafter, at the commencement of the arraignment, Fleming made an oral motion to withdraw his waiver of the preliminary examination. The district court refused to rule on the motion at that time and asked Fleming to enter a plea. Fleming plead not guilty to all three counts. After setting a date for trial, the judge stated that the motion could be argued at a subsequent calendar call.

On January 3, 1979, Fleming filed a motion to set aside the waiver of the preliminary examination. Attached to the motion was an affidavit stating that at the time he agreed to the waiver,

Fleming "was under the impression that by waiving his preliminary hearing and pleading guilty to one charge he would be given probation." The affidavit added that Fleming "was led to believe there was legal evidence upon which he could have been convicted on two charges of sexual assault on one victim on one occasion, whereas . . . he now believes he could not have been convicted of such two charges . . . ." The motion was denied.

Fleming then filed a petition for a writ of habeas corpus in district court. The writ, which contained the same arguments delineated in the aforementioned motion, was denied. Thereafter, Fleming perfected this appeal.

Pursuant to NRS 171.208, "[w]henever a preliminary examination has not been had, the district court may for *good cause shown* at any time *before a plea has been entered* or an indictment found remand the defendant for preliminary examination . . . ." (Emphasis added.)

We believe that the court erred in failing to rule on Fleming's motion to withdraw his waiver before requiring Fleming to enter a plea because, pursuant to NRS 171.208, such a requirement would preclude Fleming from being remanded to the justice's court even if he showed "good cause" for the remand.

The absence of a preliminary examination or the absence of an intelligent waiver of a preliminary examination may be called to the attention of the district court at any time prior to the entry of a plea. NRS 171.208; *see* State v. Vaughn, 393 P.2d 711 (N.M. 1964). When a trial court improperly denies or refuses to consider a defendant's motion to remand the defendant to a magistrate for a preliminary examination, the defendant's subsequent plea upon arraignment will not operate as a waiver of his right to a preliminary examination. *See* State v. Vega, 433 P.2d 504 (N.M. 1967). Therefore, by entering three pleas of not guilty, Fleming did not waive his right to a preliminary examination, and he may be remanded to the justice's court upon a showing of "good cause."

Furthermore, we believe that where, as here, preliminary examination is waived as a condition of an aborted plea bargain, "good cause" as contemplated by NRS 171.208 exists. *Cf.* Santobello v. New York, 404 U.S. 257 (1971).

Accordingly, we reverse and remand this case to the district court with instructions to, forthwith, remand appellant for a preliminary examination. If the preliminary examination is not

held within 30 days after remittitur issues, the district court shall grant appellant's petition for a writ of habeas corpus.