711 P.2d 15

James Lee SMITH, Petitioner-Appellee,

v.

Jim MALDONADO, Sheriff of Colfax County, New Mexico, Respondent-Appellant.

No. 15805.

Supreme Court of New Mexico.

Dec. 16, 1985.

Gregory B. Benedict, Erwin and Davidson, P.C., Raton, for petitioner-appellee.

James I. Patterson, Asst. Dist. Atty., Raton, for respondent-appellant.

## OPINION

WALTERS, Justice.

On February 6, 1985, defendant James Lee Smith appeared before a magistrate judge and pled guilty to a petty misdemeanor. He was indigent, but upon his statement that he did not want an attorney he was not represented. The magistrate sentenced Smith to sixty days in jail and imposed a $500 fine.

A petition for writ of habeas corpus was filed on defendant's behalf, alleging wrongful detainment because he had not voluntarily, knowingly and intelligently waived his sixth amendment right to an attorney.

The district judge, following a hearing, entered an absolute writ of habeas corpus.

The State now appeals, posing as the issue whether a knowing and intelligent waiver depends upon the magistrate's specifically telling the defendant that the court has the authority to send the defendant to jail if the defendant waives his right to an attorney, but that defendant may not be jailed if he refuses to waive that right and an attorney is not appointed. The State also argues that a reading of the rights and warnings provided for in Section 2.2–3 of the New Mexico Magistrate Benchbook and NMSA 1978, Magis.Crim.Rule 14(a) (Repl. Pamp.1985), together with a written waiver of counsel, constitute a legally sufficient waiver.

The second contention, even if correct, is not adequately before us in this appeal. There is no district court finding that the magistrate fully complied with the directions of the bench book. Even so, Section 2.2–3 provides, in part, that the judge should not accept the waiver unless it is knowingly and intelligently made. The State's argument implies that a reading of the section automatically establishes voluntary, knowing, and intelligent waiver.

■ Whether the waiver of the right to an attorney is knowingly and intelligently made requires an inquiry into the extent to which the magistrate must inform the defendant of the consequences of such a waiver. Before we address that question, however, we must clarify the proper scope of our review. The State focuses on purely legal questions by the issues stated in its brief in chief, and it designates certain findings as "challenged" by such a notation following the finding, then restates portions of the evidence. A mere restatement of the evidence alone, as we shall explain, does not provide entitlement to appellate review when the challenge is to the sufficiency of the evidence.

■ The State did not submit requested findings or conclusions. Under NMSA 1978, Civ.P.Rule 52(B)(1)(f) (Repl.Pamp. 1980), a party will waive specific findings of fact and conclusions of law if he fails to make a general request therefor in writing or if he fails to tender specific findings and conclusions. There can be no review of the evidence on appeal when the party seeking review has failed to submit requested findings of fact and conclusions of law to the trial court. *See, e.g., Wagner Land and Investment Co. v. Halderman,* 83 N.M. 628, 495 P.2d 1075 (1972); *McNabb v. Warren,* 83 N.M. 247, 490 P.2d 964 (1971); *Davis v. Davis,* 77 N.M. 135, 419 P.2d 974 (1966). This requirement is applicable to post-conviction requests for relief which are civil in nature. *Cf. State v. Hardy,* 78 N.M. 374, 431 P.2d 752 (1967) (prospective application of Rule 52 requirement in "rule 93 motion," now NMSA 1978, Civ.P.R. 93 (Repl.Pamp.1980)).

■ The State argues that it was given no opportunity to submit requested findings. Although we note that judgment was entered less than twenty-four hours after the commencement of the hearing, we also note that the State did not object to any of the findings nor did it at any time before or after judgment attempt or request the opportunity to submit requested findings. According to the State, however, it is not required to submit findings because the findings challenged are in reality conclusions since "their factual basis [sic] is dependent upon an erroneous conclusion of law." Conclusions of law follow from findings of fact, *i.e.,* the findings support the conclusions, not vice-versa. Although it is true that findings of fact and conclusions of law are often indistinguishable, *Goodwin v. Travis,* 58 N.M. 465, 272 P.2d 672 (1954), and that a reviewing court is not bound by a designation as a finding, *In re McCain,* 84 N.M. 657, 506 P.2d 1204 (1973), the findings here challenged are not misdesignated conclusions.

■ Findings 6, 8, 9, and 12 are purely evidentiary findings that cannot be construed as conclusions of law. Findings 10 and 11 are findings of ultimate fact having, perhaps, some characteristics of legal conclusions. Finding 10 essentially states that Smith did not understand the natural con-

sequences of signing the waiver form; Finding 11, that he did not comprehend or appreciate he was consenting to a jail term. Both lead properly to a conclusion that the waiver of counsel was not intelligently and knowingly made. Thus, because the State appears to raise a purely legal issue and because Findings 10 and 11 are sufficiently akin to conclusions of law, we will review the correctness of the district court's decision. *Cf. Board of County Commissioners v. City of Las Vegas,* 95 N.M. 387, 622 P.2d 695 (1980) (legal issues considered on appeal despite a failure to request findings). We restrict our review to determining whether the findings of fact support the conclusions and the judgment in this case.

■ The State challenges the findings mentioned and Conclusion 2 of the district court's Order and Judgment, which reads:

2. Waiver of counsel in a case in which the trial judge has in mind an option of a jail sentence, generally must be preceded by an express declaration and explanation that, if the defendant, an indigent, waives counsel, this will permit the trial judge to sentence him to jail, while if the defendant declines to waive counsel, and he cannot be made to do so, there is no way without appointment at state expense of counsel that the indigent defendant can be sentenced and committed to jail.

Although both parties present arguments on what this conclusion means, and its legal correctness, we decline to be sidetracked by that discussion. Even were we to assume that the challenged conclusion is incorrect, we are not bound by erroneous or unnecessary conclusions of law. *City of Raton v. Vermejo Conservancy District,* 101 N.M. 95, 678 P.2d 1170 (1984). The real question is whether the findings, separately or in combination, support the district court's ruling that the waiver of counsel was not voluntarily, knowingly and intelligently made (Conclusion 1). If so, the judgment granting habeas corpus will be sustained.

New Mexico has followed the rule that:

[A]bsent a knowing and intelligent waiver, no person may be imprisoned for any offenses, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial.

*State v. Sanchez,* 94 N.M. 521, 522, 612 P.2d 1332, 1333 (Ct.App.), *cert. denied,* 94 N.M. 675, 615 P.2d 992 (1980) (quoting *Argersinger v. Hamlin,* 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972)).

The State urges us to adopt a rule that a legally sufficient waiver consists of recitation of the warnings and rights listed in the Magistrate Benchbook and Rule 14(a). To so hold as a matter of law would effectively create an irrebuttable presumption of a valid waiver of right to counsel based solely upon a magistrate's incantation of appropriate passages. That would be contrary to *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), which requires a reviewing court to indulge every reasonable presumption against waiver of a fundamental constitutional right.

■ The United States Supreme Court also tells us in *Johnson* that whether waiver is legally sufficient depends upon the facts and circumstances of each case, including the background, experience and conduct of the accused. The focus of the inquiry is on the defendant's understanding, not on the judge's ability to read. To agree with the State would undermine our proper concern for protection of a fundamental constitutional right. Although advice of the Rule 14(a) rights are required, we reiterate that whether a right to counsel is intelligently waived must depend upon the particular facts of each case.

■ Our decision is mandated also by our statutes. The legislature has expressly provided that the court must find that the defendant "acted with full awareness of his rights and of the consequences of a waiver.... [and] shall consider such factors as the person's age, education and familiarity with English and the complexity of the crime involved." NMSA 1978, § 31–16–6 (Repl.Pamp.1984). The magistrate is statutorily charged with assuring

**574**

that the defendant understands the significance of the waiver. New Mexico case law emphasizes the importance of a thorough questioning by the arraigning or sentencing judge to determine if the waiver is "valid and predicated upon a meaningful decision of the accused." *State v. Martin*, 80 N.M. 531, 532, 458 P.2d 606, 607 (Ct. App.1969). One case describes the extent of the inquiry:

> The district judge questioned defendant concerning his age, his prior criminal record, his marital status, the proceedings before the justice of the peace, his understanding of the charge, *his understanding of the possible penalty* and his reasons for pleading guilty.

*State v. Sexton*, 78 N.M. 694, 696, 437 P.2d 155, 157 (Ct.App.1968) (emphasis ours).

■ In this case the district judge found that Smith had not read the waiver form (Finding 12), nor had he fully appreciated or understood the consequence of signing the form, *i.e.*, that he could be sent to jail (Findings 10 and 11). Those findings support the conclusion that there was no voluntary, knowing, and intelligent waiver because Smith was not aware of the possibility of jail when he waived his right to an attorney. Although Finding 7 recognizes that the magistrate advised Smith of the allowable criminal penalty, other findings indicate that the information was not given to Smith until immediately before sentencing, some time after Smith had waived his right to an attorney and had pleaded guilty. According to Findings 6 and 9, the magistrate did not tell Smith of the consequences of his signature, or that the magistrate could impose a jail sentence. The findings properly uphold the district judge's conclusions that, because the overall inquiries of and explanations to the defendant by the magistrate were insufficient, there was no effectual waiver of counsel.

We AFFIRM the judgment and order of the district court.

FEDERICI, C.J., and SOSA, Senior Justice, concur.