This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39562

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JASON STRAUCH,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Michael E. Martinez, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WRAY, Judge.**

{1}     In 2016, Defendant pleaded guilty to three counts of third-degree criminal sexual contact of a minor, contrary to NMSA 1978, Section 30-9-13(A) (2003). The district court entered an order of conditional discharge, deferred the eighteen-year prison sentence, and placed Defendant on supervised probation. The district court revoked Defendant's probation after the fourth admitted probation violation and sentenced him to eighteen years in prison. Defendant filed a pro se motion to reconsider the sentence, and the

district court denied the motion to reconsider. On appeal, Defendant first contends that he had a right to counsel for the motion to reconsider and that because he argued the motion pro se, a new hearing on the motion to reconsider is warranted. *See State v. Leon*, 2013-NMCA-011, ¶ 11, 292 P.3d 493 (observing that the right to counsel post-conviction is a matter of due process and fundamental fairness). Defendant also argues that any waiver of the right to counsel was not knowing or voluntary because the district court did not conduct a sufficient colloquy before allowing him to proceed pro se. Even if we were to conclude that Defendant had a right to counsel for the motion to reconsider—a matter we expressly do not decide—we conclude that the district court's extensive knowledge of Defendant and the circumstances sufficiently ensured that the waiver of counsel was knowing and voluntary.

## DISCUSSION

**{2}** Because this is a memorandum opinion, prepared for the benefit of the parties, we include only the factual detail necessary to conduct our analysis. The State contends that Defendant validly waived any right to counsel by timely, clearly, unequivocally, knowingly, and intelligently requesting to proceed pro se for the motion to reconsider. *See State v. Stallings*, 2020-NMSC-019, ¶ 43, 476 P.3d 905 ("The defendant who wishes to exercise the right of self-representation must (1) clearly and unequivocally assert his or her intention to proceed pro se, (2) make the assertion in a timely manner, and (3) knowingly and intelligently waive the right to counsel."). Defendant maintains that he represented himself "without being warned of the dangers of doing so" because the district court did not conduct a sufficient colloquy before allowing him to proceed pro se. *See id.* (explaining that "courts must make a clear record prior to allowing a defendant to proceed pro se" and that a "court must ensure that a prospective pro se defendant knows what [they are] doing and the choice is made with eyes open" (alterations, internal quotation marks, and citation omitted)). We review de novo "whether [a d]efendant validly waived his constitutional right to counsel." *Id.* ¶ 35.

**{3}** Before allowing a defendant to proceed pro se, the district court must "independently ensure that the prospective pro se defendant validly waived the right to counsel." *Id.* ¶ 50. To determine if a waiver of the right to counsel was knowing and voluntary, the court must conduct a dialog with the defendant "that covers the full panoply of issues involved with self-representation." *Id.* ¶ 52 (including within a "full panoply of issues" a "full explanation of the nature of the charges, the statutory offenses included within them, the range of allowable punishments, and possible defenses or mitigating factors that might be available to the defendant" (alterations, internal quotation marks, and citation omitted)). As the State points out, many of the issues involved with self-representation identified in *Stallings* are not at issue in a post-trial hearing on a motion for a discretionary reduction in sentence. *Cf. State v. Guthrie*, 2011-NMSC-014, ¶ 10, 150 N.M. 84, 257 P.3d 904 (noting that in the context of a post-trial probation revocation proceeding, "[b]ecause loss of probation is loss of only conditional liberty, the full panoply of rights due a defendant in a criminal trial do not apply" (alterations, internal quotation marks, and citations omitted)). We therefore turn "the focus of the inquiry" to Defendant's "awareness and understanding rather than the

specific form of words used by the court." *Cf. Stallings*, 2020-NMSC-019, ¶ 54 (noting the "ultimate purpose" of the colloquy).

**{4}** A court can discern the validity of a waiver of counsel by relying on "the facts and circumstances of each case, including the background, experience and conduct of the accused." *Smith v. Maldonado*, 1985-NMSC-115, ¶ 12, 103 N.M. 570, 711 P.2d 15. A district court may rely on and consider its knowledge from other proceedings, including the defendant's "competency, understanding, background, education, training, experience, conduct and ability to observe procedures and protocol of the court." *State v. Chapman*, 1986-NMSC-037, ¶ 10, 104 N.M. 324, 721 P.2d 392 (holding that denying the defendant a hearing or inquiry into whether his waiver of counsel was knowing and intelligent was not a denial of due process because the court used the defendant's performance during previous hearings to assess his inability to appreciate the risks of self-representation).

**{5}** We consider whether Defendant made a knowing and intelligent waiver of any right to counsel under the totality of circumstances, *State v. Barrera*, 2001-NMSC-014, ¶ 28, 130 N.M. 227, 22 P.3d 1177, and conclude that the district court ensured that Defendant validly waived any right to counsel for the motion to reconsider. Between the first probation violation hearing and the motion to reconsider hearing that is the subject of Defendant's appeal, Defendant had more than ten hearings with the same district court judge.[1] These hearings featured Defendant's testimony and statements, documents displaying his professional expertise, numerous letters from friends and colleagues vouching for his nature and character, and medical expert testimony regarding his history, capabilities, intelligence, performance on mental health examinations, and diagnosis of Autism Spectrum Disorder (ASD). Defendant's pro se filings and in-court statements displayed his understanding of procedures and protocols.

**{6}** As one example of the district court's extensive interactions with Defendant, after the third probation violation in 2017, the district court initially revoked probation and sentenced Defendant to six years in prison. But Defendant filed a motion to reconsider and after hearing significant testimony and argument, the district court granted the motion to reconsider and released Defendant based on evidence and expert testimony about ASD and the unlikelihood that he would commit another sexual offense. The third reinstatement was accompanied by conditions that were designed with Defendant's diagnosis in mind, in order to align with the expert's proposed treatment plan. At the end of the motion to reconsider hearing, the district court offered Defendant a choice: continue to serve the six-year sentence or secure release on probation with the understanding that another violation could result in imposition of the whole sentence. After consulting with counsel, Defendant chose release and counsel confirmed that Defendant understood that the full sentence could be reinstated if he violated probation again.

---

[1]We note that Defendant was represented by at least five attorneys throughout the course of these proceedings, and we do not differentiate between specific attorneys when we refer to "counsel."

**{7}** Shortly before the November 2020 hearing on the motion to reconsider, counsel filed a motion to withdraw and stated that Defendant preferred to proceed pro se. Defendant also moved to dismiss counsel and informed the district court that he was "compelled to and prepared to proceed pro se in the near term, for the Nov[ember] 5, 2020 hearing, and reserve[d] the right to retain counsel as needed in the future." Defendant's motion did not request appointment of counsel. Instead, Defendant detailed delays in attorney-client communications—some due to COVID, disappointments about representation, and billing disputes, and described his position that the prison denied access to the law library and communication with counsel. Defendant explained that he made a financial decision to discontinue representation—he decided to reserve resources to meet other obligations. In a starred paragraph, Defendant asserted the following: "It is Petitioner's belief that proceeding [p]ro [s]e will allow forthright communication with the [c]ourt with fewer barriers. Petitioner does not consider counsel necessary to effectively present the merits of reconsidering his incarceration."

**{8}** At the November 2020 hearing on the motion to reconsider, the district court noted that Defendant had counsel before, but that counsel had been allowed to withdraw from the case at counsel's and Defendant's request. The district court said, "Mr. Strauch, you're going pro se and this is your motion to reconsider, so let's hear from you." Defendant reiterated the statement from the motion to dismiss counsel that he believed proceeding pro se allowed more forthright communication with the court and that counsel was not necessary to present the merits of his arguments.

**{9}** This extensive record evidence speaks to Defendant's "competency, understanding, background, education, training, experience, conduct and ability to observe procedures and protocol of the court." *See Chapman*, 1986-NMSC-037, ¶ 10. Defendant twice waived any right to counsel at the motion to reconsider hearing, and the district court's knowledge of Defendant's background, experience, and conduct supports a conclusion that the waiver was knowing and intelligent. *See Smith*, 1985-NMSC-115, ¶ 12. We therefore conclude that Defendant validly waived any right to counsel at the motion to reconsider hearing.

**CONCLUSION**

**{10}** For the reasons stated herein, we affirm.

**{11} IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**